## Goldstein's Estate

538

540

*Martin G. Stein* and *William S. Stein* for exceptants.

*John F. E. Hippel*, of *Edmonds, Obermayer & Rebmann*, contra.

BOLGER, J., June 4, 1937.—The auditing judge found that deceased had, first, practiced a fraud in concealing the extent of his property from The Jewish Hospital Association of Philadelphia, when he was under the obligation of fully revealing it; second, thereafter set up a trust involving the assignment of a great part of such property; and, third, had in connection with his admission to the institution made an assignment and transfer to the hospital association which, whether he intended it to do so or not, included his interest in the trust.

The deed of trust as pointed out in the adjudication authorized such transfer and assignment, and accordingly the trust was declared invalid insofar as it affected the claim of The Jewish Hospital Association of Philadelphia and the fund constituting it was thereupon awarded to the personal representative of the deceased settlor to be accounted for in the regular way, thus permitting the appearance of other possible claimants who were not parties in this proceeding.

We unanimously approve these findings, since they are based upon ample testimony and, furthermore, the inferences and conclusions drawn from the testimony are fair and such as we undoubtedly would draw ourselves.

The action of the auditing judge in striking down the trust and in making the award to the personal representative of the deceased settlor is likewise approved.

The exceptions are, therefore, dismissed, and the adjudication confirmed absolutely.

Klein, J., did not participate in the deliberation of this case or in the decision of the court.